## AFFIDAVIT

I, Jason M. Bellavance, being duly sworn, depose and state:

1. I am a Detective with the Burlington Police Department's narcotics unit and have been so assigned since May of 2015.  Prior to joining the narcotics unit, I was a police officer with University of Vermont Police Department for approximately seven years, and a police officer with the Burlington Police Department for approximately four years.  I was certified as a full time law enforcement officer by the Vermont Criminal Justice Training Council in 2004.

2. This affidavit is submitted to establish probable cause to believe that Laura Berard knowingly intimidated and threatened another person with the intent to influence, delay, and prevent the testimony of that person in an official proceeding in violation of 18 U.S.C. § 1512(b)(1).

3. This affidavit is based upon my training and experience and my participation in this investigation.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included every fact known to me concerning this investigation.

4. In 2015, I began investigating an out-of-state drug trafficker who was distributing controlled substances in the Old North End neighborhood of Burlington, Vermont.  Law enforcement determined the trafficker was using the residence of Laura Berard on North Champlain Street in Burlington as location from which to distribute controlled substances.

5. On June 2, 2016, a federal grand jury in the District of Vermont returned a five-count Indictment charging Berard and the out-of-state trafficker with violating the Controlled Substances Act.  The out-of-state trafficker has yet to be arrested and the Indictment remains sealed with respect to that individual.

6. Berard was arrested after the Indictment was returned and was released pursuant to pretrial conditions.  On December 2, 2016, United States Magistrate Judge John M. Conroy determined Berard had violated her conditions of release by using controlled substances.  Judge Conroy revoked Berard's conditions of release and ordered her detained pending trial.

7. On December 28, 2016, Berard appeared before Chief United States District Judge Christina Reiss and pled guilty to Count One of the Indictment, which charges that Berard conspired to distribute heroin and cocaine base between October of 2015 and May of 2016.

8. Following Berard's guilty plea, Judge Reiss ordered Berard released on conditions pending sentencing.  I have reviewed Berard's conditions of release and know that Condition 8(j) requires Berard "to avoid all contact, directly or indirectly, with any

1

person who is or may become a victim or potential witness in the investigation or prosecution, including, but not limited to: codefendants and identified winesses [sic]."

9. On December 29, 2016, I was contacted by a person whom I will refer to as Victim 1. Victim 1 has cooperated with law enforcement in the Berard investigation and is a potential witness in both Berard's upcoming sentencing hearing and the trial of Berard's co-defendant, the out-of-state trafficker. I know Victim 1 and have worked with her throughout the course of the Berard investigation.

10. Victim 1 has a significant criminal history that includes approximately 14 felony and 21 misdemeanor convictions in Vermont. Victim 1's convictions include petit larceny, driving with a suspended license, DUI, retail theft, false pretenses, burglary, false personation, and forgery/uttering. By her own admission, Victim 1 has a long history of abusing controlled substances. Victim 1 cooperated with law enforcement in the Berard investigation in exchange for consideration on state drug charges.

11. On December 29, 2016, Victim 1 told me that the previous night Laura Berard had called Victim 1 and threatened Victim 1. I subsequently obtained a sworn statement from Victim 1 concerning this incident. In essence, Victim 1 stated the following: shortly after midnight on December 29, 2016, Victim 1 received a telephone call from a woman whose voice Victim 1 recognized as belonging to Laura Berard. According to Victim 1, Berard threatened to kill or hurt Victim 1. Berard also told Victim 1 that Berard was traveling to Brattleboro, where Victim 1's son lives, in order to harm Victim 1's son. Berard told Victim 1 that Berard was threatening Victim 1 because Berard believed Victim 1 was an informant in Berard's case. According to Victim 1, Berard called Victim 1 a "rat," "cunt," "bitch," and "pig." Based on my training and experience, I know the term "rat" is slang for an informant or potential law enforcement witness.

12. Victim 1 allowed me to examine Victim 1's cellular telephone. I observed that Victim 1's cellular telephone had received a voice call at approximately 12:28 AM on the morning of December 29, 2016. According to Victim 1's cellular telephone, the duration of the call lasted 27 seconds. Victim 1's cellular telephone listed "No Caller ID" for the telephone that had initiated the call.

13. I obtained toll records from the service provider for Victim 1's telephone and have reviewed those records. The toll records show that, at approximately 12:28 AM, Victim 1's telephone received an incoming voice call from telephone number 802.363.9055.

14. I obtained toll and subscriber records for telephone number 802.363.9055 and have reviewed those records. According to the records, the subscriber for the telephone associated with 802.363.9055 is a Laura Berard. Therefore, based on toll and subscriber records, a telephone belonging to a Laura Berard communicated with Victim 1's telephone after midnight on December 29, 2016. As noted above, Laura Berard was released from federal custody on December 28, 2016.

15. Victim 1 also told me that, prior to December 29, 2016, Laura Berard's daughter and the daughter's boyfriend, had contacted Victim 1 and threatened Victim 1 for informing on her mother.

16. According to toll records, Victim 1 and Laura Berard's phones exchanged a serious of text messages on December 5, 2016. As noted above, Berard was incarcerated for violating her conditions of release on December 2, 2016.

17. Based on the information set forth above, I respectfully submit there is probable cause to believe that, on December 29, 2016, Laura Berard violated 18 U.S.C. § 1512(b)(1) by knowingly intimidating and threatening Victim 1 with the intent to influence, delay, and prevent the testimony of Victim 1 in official proceedings, specifically, the trial of Berard's co-defendant and Berard's sentencing hearing.

Dated at Burlington, in the District of Vermont, this 4th day of January, 2017.

Jason M. Bellavance
Detective, Burlington PD

Sworn and subscribed before me this 4th day of January, 2017.

JOHN M. CONROY
United States Magistrate Judge

3